# WASHINGTON COUNTY.

ROBERT THOMPSON, Administrator, *vs.* TAYLOR, SYMONDS & Co. *et als.*

Whether one of several indorsers on a promissory note is co-surety with the rest for the maker, or surety for the maker and the preceding indorsers, depends on the intention of the parties.

Parol evidence is admissible to show this intention.

H. made a note which was indorsed by W. and R. and sent to T. To have it discounted T. was obliged to indorse it, which he did without any agreement with the other parties. T. was compelled to pay the note.

*Held,* in equity, that T. was entitled to full reimbursement of his payment from H., W., and R.

W. being dead, and his estate insolvent: W.'s administrator holding a trust fund to protect W.'s indorsements for H., although the fund was insufficient, and H. being insolvent:

*Held,* That T. should receive: 1. A *pro rata* dividend from the trust fund; 2. A *pro rata* dividend on the balance of the note from H.'s assignee; 3. A *pro rata* dividend, not to exceed one half of the residue of the note from W.'s estate; 4. The remainder of the note from R.; or that T. might collect the whole from R., who should be subrogated to the rights of T.

BILL IN EQUITY for instructions.

*Providence, April* 8, 1878. MATTESON, J. This is a bill for instructions, and to obtain a decree declaratory of the rights of the parties. The point to be determined is the liability, as between themselves, incurred by the complainant's intestate, Elisha Watson, and the respondents, Attmore Robinson and Taylor, Symonds & Co., by writing their names, in the order named, upon the back of a promissory note in the words and figures following, viz : —

$1,500.                              PROVIDENCE, R. I. *Dec.* 12, 1876.

Six months after date, for value received, I promise to pay the Mechanics Savings Bank of Providence, R. I., fifteen hundred dollars.                              CHARLES H. HAZARD.

This note, with the names of Watson and Robinson upon its back, was sent, or taken, by its maker, Hazard, at or about its date, to Taylor, Symonds & Co. Hazard was then indebted to that firm, on book account, to the amount of about three hundred

dollars, which had been overdue for a considerable. time. He and they agreed that they should take the note, get it discounted, deduct from its proceeds the amount of their account and of a new purchase which he wished to make of them, and remit to him the balance. Accordingly Taylor, Symonds & Co. took the note and presented it to the Mechanics Savings Bank, the payee named in the note, for discount, but were informed that the bank could not discount it, unless it should first be indorsed or guarantied by some responsible person residing in Providence, as required by the rule of the bank. Thereupon, to comply with this requirement, without any agreement or understanding with the maker or either of the sureties that they were to do so, Taylor, Symonds & Co. wrote their name upon the back of the note underneath the names of Watson and Robinson. The bank then discounted the note, the proceeds of which were receipted for by Taylor, Symonds & Co., for Hazard, and were by them deposited in bank with their own moneys and credited to him in their account. The balance of account due Hazard was remitted to him by them, by their check, payable to his order. When the note became due Hazard failed to pay it, and it was subsequently taken up and paid by Taylor, Symonds & Co., by whom it is now held.

The complainant holds a fund derived from the sale of certain real estate mortgaged to Watson by Hazard as security for indorsing the latter's notes. The notes so indorsed, which remain outstanding, are six in number, and exceed in amount the proceeds of the mortgaged property. Among them is the note in question.

Hazard, the maker of the notes, is insolvent, and has made an assignment of his property for the benefit of creditors.

The estate of Watson is also insolvent, and has been so represented to the Court of Probate.

Taylor, Symonds & Co. claim that their contract was a contract of guaranty, solely with the bank, and that having taken up and paid the note they are entitled to its entire amount as against the maker, the estate of Watson, and against Robinson, or either of them.

Robinson, with the other respondents, on the other hand, contends that Taylor, Symonds & Co., Watson, and himself, were as

between themselves co-sureties for the maker of the note, and, therefore, that the estate of Watson and himself are liable to Taylor, Symonds & Co. each for only one third of the residue of the note, after deducting from its amount its *pro rata* proportion of the proceeds of the mortgaged property, and the dividend under the assignment.

In *Craythorne* v. *Swinburne*, 14 Ves. Jun. 159, the question whether the defendant was a co-surety with the complainant, or a surety for him and the principal, was made to depend upon the intention of the defendant, who was the last surety. The same rule was adopted in *Keith* v. *Goodwin*, 31 Vt. 268. Chief Justice Redfield in that case remarks, " where there is anything in the form of the contract or the *nature of the transaction* to show that the subsequent sureties did not expect to be holden as co-sureties with the others, but to stand merely as sureties for all the former signers, they are entitled to full indemnity from each of the others, or from all jointly."

We think it may be fairly inferred from the evidence that Taylor, Symonds & Co. intended to become liable on the note only in case of default in payment by the maker and the prior sureties. They entered into the undertaking without the knowledge or expectation of the maker, or of either of the prior sureties, without privity with them or either of them, and solely to comply with the requirement of the bank. And, though they might be precluded by the form of the undertaking from showing this as a defence in a suit by the payee against them, or against them and the prior parties to the note, parol evidence is admissible in suits between sureties to show the true relations existing between them.

In *Craythorne* v. *Swinburne*, 14 Ves. Jun. 159, the obligation of the surety was entered into by a separate instrument, and in *Keith* v. *Goodwin*, 31 Vt. 268, by a formal guaranty on the back of the note. In this respect, the form of the undertaking, those cases are unlike the present, but we do not think this difference material; for, though it is doubtless true that the signing of a common obligation raises a presumption that those who unite in it are to contribute equally to its fulfilment, that presumption may be rebutted by parol evidence. Equity regards not the form, but the real nature of the transaction.

If the view of the matter which we have taken be correct, it follows that Taylor, Symonds & Co. are to be regarded, not as co-sureties with Watson and Robinson for Hazard, but as sureties equally for them and Hazard, and that, having paid the note to the Mechanics Savings Bank, they are entitled to indemnity from all the prior parties to the note, or from either. We are, therefore, of the opinion that Taylor, Symonds & Co. are entitled to be paid: 1, a *pro rata* share of the proceeds of the mortgaged property in the hands of the complainant; 2, a *pro rata* dividend on the residue of the note under the assignment of Hazard; 3, a *pro rata* dividend upon the residue of the note, not exceeding one half thereof, after the above payments have been made, from the estate of Watson; 4, the residue of the note by Robinson. Or, they are entitled to be paid the whole of the note by Robinson, who will then be entitled, as Taylor, Symonds & Co. would have been, to receive the first three of the payments above specified.

*Decree accordingly.*

*Charles H. Parkhurst,* for complainant.
*James Tillinghast,* for Taylor, Symonds & Co.
*Edward H. Hazard,* for the other respondents.